MAY TERM.
1842.

Dillon
v.
Chouteau.

DILLON v. CHOUTEAU.

The admissions, of a party to the record, are admissible, though he has parted with all his interest in the suit. And his ceasing to be a party to the record, by death, before the admissions are offered in evidence, will not exclude them. Scott, Judge, dissenting.

Appeal from the St. Louis Circuit Court.

GAMBLE for Appellant.

SPALDING & TIFFANY for Appellee.

*Opinion of the Court delivered by Tompkins, Judge.*

On the 17th day of May, 1838, John P. Reilly and Henry Chouteau instituted a suit against Dillon, in the circuit court of St. Louis county. On the 9th day of January, 1840, the death of Reilly was suggested on the record, and afterwards at the same term, Chouteau obtained a judgment against Dillon, to reverse which, Dillon prosecutes this appeal. This state of facts appears on the record. Reilly and Chouteau had been partners in trade, and while that partnership continued Dillon had purchased goods and received money from them; and for the amount of such goods and money this suit was brought. Dillon and Reilly had previously been partners, and on the 25th day of June, 1836, that partnership being dissolved, Reilly, as principal, and Chouteau, as his security, made and delivered to Dillon a bond, reciting that, whereas said Dillon and Reilly had that day executed an article of dissolution of partnership, wherein said Reilly had covenanted that he would give bond and security to said Dillon, to save him harmless from the liabilities and demands against the said firm of Dillon and Reilly; therefore, for the purpose of complying with the said covenant, they, as principal and security as aforesaid, covenanted with Dillon that Reilly should pay all demands against, and *liabilities* for such firm, &c.

On the same day that Dillon and Reilly dissolved partnership, Chouteau and Reilly became partners; and on the

27th day of May, 1837, they dissolved that partnership, and Reilly transferred to Chouteau all the debts, effects, and property of the firm of Reilly and Chouteau.

Reilly afterwards gave Dillon the following certificate: "October 13th, 1837. I state that the merchandise and cash charged to the account of Patrick M. Dillon, on the books of Reilly and Chouteau, were furnished to said Dillon, subject to the settlement of the affairs of the copartnership formerly existing betwixt said Dillon and myself, under the firm of Reilly and Dillon. If on such settlement it should appear that I am not indebted to him as a partner of Reilly and Dillon, then he will owe the amount of his said account to Reilly and Chouteau." This was the understanding of all parties in relation to the said accounts, and was that upon which it was created, and is the better understood from the fact that Mr. Chouteau came into the establishment in the place of Mr. Dillon, who retired from the business.

Chouteau, as above stated, commenced his suit against Dillon in the name of Reilly and Chouteau, in the month of May, 1838, after the date of the above certificate: and the certificate was dated after the dissolution of the partnership of Reilly and Chouteau. Dillon offered the certificate in evidence, and the court excluded it, and Dillon excepted to the decision of the court. Was the certificate properly excluded? In 2 Starkie, p. 22, it is stated that the admission of a party on the record is always evidence, although he be but trustee for another, and although it appear from the admission itself that he is such. To the same purpose see also Boerman v. Radenius, 7th Term Rep. 633. It may be added, that it was in Chouteau a voluntary act to purchase the interest of Reilly in the partnership goods, and it does not therefore seem to be at all unjust that the admissions of Reilly should be read in evidence against him. He had moreover became security for Reilly that Dillon should lose nothing by his neglect to settle the affairs of Reilly and Dillon: and from the evidence detailed in the record, it would seem not improbable that if the firm of Reilly and Dillon was not indebted to Dillon, Chouteau had in his power the means to prove it. Reilly is, moreover, in the situation of a wit-

The admissions of a party to the record are admissible, tho' he has parted with all his interest in the suit; and his ceasing to be a party to the record, by death, before the admissions are offered in evidence, will not exclude them.

MAY TERM, ness who by his testimony makes himself liable to the unsuc-
1842. cessful party, and his interest may be regarded as balanced
Dillon betwixt the plaintiff and the defendant. Because the certifi-
v. cate of Reilly offered in evidence by Dillon was rejected, the
Chouteau. judgment of the circuit court ought, in my opinion, to be
reversed, and judge Napton concurring, it is reversed.

### Opinion of Napton, Judge.

The doctrine of Lord Kenyon, in Boerman v. Radenius, has not been shaken by the authority of Frere v. Evertson : the latter case is unsupported by authority. The court of New York declare the case clearly distinguishable from that of Boerman v. Radenius, but do not specify any particulars by which to distinguish it. In Boerman v. Radenius it was held to be an incontrovertible rule, that the admissions of a plaintiff on the record are admissible evidence. So in Craib and wife v. D'Aeth, (cited 7 T. R. p. 670,) in an action by the obligee of a bond, Lord Loughborough admitted in evidence an affidavit of the obligee, who was plaintiff on the record, sworn by him after he had assigned the bond, in which the facts were recited on which the defendant relied.

But the rule in Boerman v. Radenius is a rule *stricti juris*, and courts would not be disposed to extend its operation. In the case now under consideration, Reilly was not a party to the record when his admissions were offered to be read ; but the event which takes him off the record, takes him from existence : and by the intervention of another principle, still makes his admissions the best evidence which could be obtained. The only reason why Reilly's admissions were evidence was that he was a party to the record, and could not therefore be examined : his ceasing to be a party to the record, unless it enables the defendant to get his testimony, should not place the defendant in a worse condition than he was before. I therefore concur with judge Tompkins in reversing the judgment.

### Scott, Judge, dissenting.

I do not concur in the opinion given. It appears that be

fore the admission contained in the certificate given by Reilly was made, he had transferred all his interest in the chose in action on which suit was brought, to Chouteau. It is a clear principle, that after a party has conveyed away his interest in property, declarations made by him subsequent to the sale, are not admissible in evidence to affect the rights of his vendee. Frere v. Evertson, 20 J. R. Courts of law take notice of the person who is really interested in a chose in action, and the beneficial interest vested in the assignee are so far regarded that it is allowed to set off a debt due from the assignee in the same manner as if action had been brought in his name. I do not hold that the case of Boerman v. Radenius, 7th Term R. is applicable. That case asserts the principle that the admissions of a party to the record, although he is a mere nominal party, are in every instance evidence against him, and those who use his name in sueing. The certificate of Reilly offered in evidence was made before he was a party to the suit, and he was no longer a party when it was offered. He had died, and the suit as to him had abated, before the trial. The costs as to him died with him. 12 J. R., 500. He then had no interest in the record. The principle above stated intervened, and prevented his declarations affecting the interests of his assignee from being given in evidence.