DAVID S. WOODWARD, Plaintiff in Error, *v.* CLAYTON VAN HOY, Defendant in Error.

1. *Conveyances — Title bond — Purchase — Possession taken after — Refusal of deed — Suit for recovery of purchase money.*— When one pays the money and takes possession under a title bond for the conveyance of land, and the vendor after neglecting, for three years, to execute the deed, makes tender thereof, the vendee can not reject the deed, and sue for the recovery of the purchase money. Time not being of the essence of the contract, and the vendee being in possession, the delay was not such as to furnish ground for rescission of the contract.

*Error to First District Court.*

*Harden*, and *Lay & Belch*, for plaintiff in error.

*Johnson & Budd*, for defendant in error

I.  When the purchase money has been paid and the vendee is in possession he can not rescind and recover back the purchase money, even though the vendor make default to convey.  His only remedy in such cases is by petition for specific performance. (1 Hilliard on Vendors, 299, § 18; Barickman v. Kuykendall, 6 Blackf. 21; Secrest v Jones, 21 Texas, 121.)

II.  Nor can the contract be rescinded by the vendee without restoring possession to the vendor.  (Tompkins v. Hyatt, 28

N. Y., 1 Tiffany, 347; McDonald v. Vaughn, 14 La. An. 716; Bellows v. Clark, 20 Ark. 421; Moore v. Smedburg, 8 Paige Ch. 600.)

III. Time was no longer the essence of the contract, having been waived by vendee taking and continuing in possession, and could not again be reasserted. (1 Hilliard on Vendors, 300, § 19.)

WAGNER, Judge, delivered the opinion of the court.

The defendant executed to one Eliza Crowell a title bond, whereby he bound himself to convey to said Eliza a certain lot therein described, upon payment of the purchase money. This bond was subsequently assigned and transferred to the plaintiff in this case, who paid the purchase money, and took possession of and occupied the premises.

At the time of the original purchase, when the title bond was made, the defendant was not in a condition to execute a deed, as he had purchased at sheriff's sale, and the sheriff had not conveyed the same to him. He afterwards obtained a deed, and the plaintiff demanded a conveyance, but the defendant neglected to make out and execute one for about three years. Plaintiff then brought suit to recover the purchase money, whereupon defendant came into court and tendered a deed. This the plaintiff refused to accept, and upon a hearing of the cause the court rendered judgment in his favor, which the District Court reversed.

The action was not brought for a rescission or disaffirmance of the contract, and the record fails to disclose that any objection was made to the deed, on the ground that it did not convey a good title, or otherwise.

The only point is: did the delay in making the deed authorize the plaintiff to maintain his action, or pursue this remedy? Where time is not of the essence of the contract, a neglect or delay to execute and deliver a conveyance is not generally an impairment of the rights of the parties. And where time is not material, it is sufficient if the vendor can make a good title before judgment or decree is rendered. (1 Sudg. on Vend., 294;

Luckett v. Williamson, 31 Mo. 54 ; 7 Mo. 388, and cases referred to.) If any injury has resulted on account of the delay, courts usually furnish compensation in damages.

But in the case at bar it is evident the plaintiff was in no situation to maintain his action. It clearly appears that he went into possession under the contract and retained the possession ; and where a purchaser takes possession of premises under an agreement to purchase, he can not proceed against his vendor for the purchase money or for rescission without surrendering the possession. He will not be allowed to retain the property and have the money besides.

Less diligence is required of the owner in perfecting the title when the purchaser is in possession than when he is not—hence, in a well considered case it was held that a delay on the part of the vendor, or his heirs, to deliver the deed for a period of ten years after the time fixed by contract, furnished no ground for the rescission of a contract by a vendee, so long as he continued in undisturbed possession of the premises under the contract. (Tompkins v. Hyatt, 28 N. Y. 347.) I am for affirming the judgment.

Judgment affirmed. The other judges concur.