## John Gustave Eggers v. Albert Busch.

1. REAL ESTATE—*Contracts for the Sale of.*—Where parties enter into a written contract, the one to convey the land to the other in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed, the purchaser is entitled to a merchantable title.

2. SAME—*Merchantable Title Defined.*—A merchantable title is one not subject to such a reasonable doubt as would create a just apprehension of its validity in the mind of a reasonable, prudent and intelligent person; a title that such a person, guided by competent legal advice, would be willing to take and pay the fair value of the land for.

3. SAME—"*Material Defects*" *in Titles.*—A material defect in the title of land, is such a defect as will cause a reasonable doubt and just apprehension in the mind of a reasonably prudent and intelligent person, acting upon competent legal advice, and prompt him to refuse to take the land at a fair value.

4. RESCISSION OF CONTRACT—*Failure of Title.*—Where two persons enter into a contract for the sale and purchase of land, the vendor, for a specific consideration, to convey by a warranty deed the land mentioned in the contract, clear of all incumbrances, and he submits an abstract of title, an examination of which discloses material defects in the title, if the vendor is notified thereof, and within a reasonable time thereafter fails to remedy such defects, the purchaser has a right to rescind the contract and recover the money paid under the contract.

5. VENDOR AND VENDEE—*Defective Titles.*—It is a familiar rule that the vendor can not force the purchaser to pay his money and receive a defective title.

6. SAME—*Vendor's Readiness to Perform.*—Although a vendor may not be required at all times from the entering into of a contract, to be in a situation to perform on his part, he must be so when he demands performance by the vendee.

**Memorandum.**—Assumpsit for money had and received. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

FRANK J. CRAWFORD, attorney for appellant.

KRAFT, WILLIAMS & KRAFT, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

A suit in assumpsit was brought by the appellee to recover back from the appellant $1,200, which had been paid under a contract between the parties for the purchase and sale of a certain tract of land situated in Indiana, for the price of $6,000.

The contract provided for the conveyance of the land to the appellee "in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed."

The $1,200 was paid, as was provided by the contract, upon the delivery of the contract, and the remaining $4,800 was to be secured by trust deed on the premises, and payable at a future date.

Eggers v. Busch.

To satisfy the appellee that the title was good and clear in appellant, the latter, as a matter of fact, furnished to the appellee an abstract of title to the land, although the contract did not require that an abstract of title should be furnished.

The attorney to whom the abstract was delivered for examination, found what appears to have been substantial objections to the title. It appears that the appellant had, about the same time, undertaken to sell other similarly situated land to another party, whose attorneys interposed like objections to the title, and that appellant filed a bill in the Indiana courts to cure the defects and quiet his title to both tracts. That bill was filed before the attorney for appellee had given his opinion upon the title, but after the contract was entered into, and no decree was obtained thereunder until after this suit was begun.

The contract was made April 6, 1891; the opinion of title, by appellee's attorney, was given June 24, 1891; the Indiana suit to quiet title was begun June 23, 1891, and the decree thereunder entered September 17, 1891, and this suit was begun July 9, 1891.

It is not necessary to detail the various negotiations, demands and counter-demands between the parties. The question is, whether, under the contract, the appellee was bound to take the land and perform his part of the contract with the title in the condition that it was, and, if not, may he maintain an action to recover back what he paid down at the time the contract was delivered.

The learned judge of the Circuit Court, before whom the cause was tried, without a jury, held the following propositions of law, submitted by the appellee (plaintiff):

"First. Where two parties enter into a contract in writing, the one to convey to the other real estate for a consideration, and the contract provided that the proposed purchaser shall first make the payments and perform the covenants in the contract mentioned by him to be performed, and the proposed seller covenants and agrees to convey and assure to the proposed purchaser a title in fee simple, clear of all

incumbrances whatsoever, by a good and sufficient warranty deed, to the land named in said contract, and there remains nothing to be done on the part of the proposed purchaser except payment of the last sum mentioned in the agreement, or the performance of the last thing to be done by the proposed purchaser and the delivery of the deed on the part of the proposed seller, then the payment of such last sum, or the performance of such last thing by the proposed purchaser, and the delivery by the proposed seller of the warranty deed conveying title in fee simple, free of all incumbrances, according to the contract, become mutual, dependent and simultaneous acts, to be performed by the respective parties at one and the same time.

Second. Where parties enter into a written contract, the one to convey the land to the other in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed, the proposed purchaser is entitled, under the terms of such contract, to a merchantable title; that is, a title not subject to such reasonable doubt as would create a just apprehension of its validity in the mind of a reasonable, prudent and intelligent person; one that persons of reasonable prudence and intelligence, guided by competent legal advice, would be willing to take and pay the fair value of the land for.

If, in this case, the plaintiff and defendant entered into such contract, but, at the time of the tender of such deed by the defendant to the plaintiff, the title to the land in question was not a merchantable title, but was such a title as would occasion reasonable doubt of its validity in the minds of persons reasonably prudent and intelligent, so that such persons would be unwilling to take the land and pay the fair value therefor, and if, within a reasonable time after notice thereof to the defendant, he, the seller, failed, or refused to make the title merchantable, then the plaintiff had a right to rescind the contract.

Third. A material defect in the title to land is such a defect as will cause a reasonable doubt and just apprehension in the mind of a reasonably prudent and intelligent

person acting upon competent legal advice, and prompt him to refuse to take the land at a fair value.

Fourth. Where two persons enter into a contract in writing for the sale and purchase of land, the one for a specified consideration to convey to the other, by a good and sufficient warranty deed, the land in said contract mentioned, in fee simple, clear of all incumbrances whatsoever, and submits to the proposed purchaser for examination an abstract of title to the land, as containing a correct history and source of the title the seller proposed to convey, and an examination of said abstract discloses material defects in the title to said land, and the proposed seller is notified thereof, and within a reasonable time thereafter refuses or fails to remove or cure such material defects in the title as are shown by said abstract, then the proposed purchaser has a right to rescind the contract and recover from the proposed seller any amount he may have paid under the contract."

Those propositions we regard as admirably adapted to the fact as disclosed by the record.

The title disclosed will bear no such test as that indicated in the second proposition. Cravener v. Hale, 27 Ill. App. 275; Hale v. Cravener, 128 Ill. 408.

Although the contract did not prescribe a particular time within which the deed should be delivered and the trust deed and note given back, the law will presume it was to be done within a reasonable time. And the appellant placed his own construction upon the contract in that regard, when, in July, about three months after the date of the contract, he tendered a deed to appellee, and demanded that he execute a note and trust deed, then presented to appellee for execution.

Appellant could not thereafter complain that appellee elected to treat the contract as then at an end, and brought suit to recover back the money he had paid.

At that time the title was, most clearly, not such as appellant had contracted to convey.

"It is a familiar rule that the vendor can not force the purchaser to pay his money and receive a defective title." Lancaster v. Roberts, 144 Ill. 213.

We do not regard it as important to consider the effect upon the title of appellant, of the Indiana decree that was entered upon the bill to quiet title, after this suit was begun.

It is enough that we consider that the right of appellee to rescind the contract, and bring suit to recover back the money he had paid, was established from the time that appellant tendered the deed and demanded performance of the contract by appellee—appellant's title at that time being such as appellee was entirely justified in refusing to accept.

The appellant was, at that time, incapable of performing the contract on his part, and by his tender and demand under such conditions he placed the appellee in a position where he might rescind and bring suit for his money.

Although a vendor may not be required at all times from the entering into of a contract to be in a situation to perform on his part, he must be so when he demands performance by the vendee. See authorities cited in Eames v. Der Germania Turn Verein, 8 Ill. App. 663.

The judgment of the Circuit Court was correct and will be affirmed.