Argued March 21, reversed and remanded April 10, modified on rehearing May 29, 1917.

## WARD v. JAMES.

(164 Pac. 370; 164 Pac. 372.)

**Vendor and Purchaser—Rescission by Purchaser—Tender of Purchase Price.**

1. Under an agreement providing for a deed after payment of purchase price, the purchaser cannot rescind for failure to deliver deed where he has not tendered or paid purchase price.

**Vendor and Purchaser—Assignment by Purchaser—Status of Vendor.**

2. An assignment, or arraignment for an assignment, of a contract for the purchase of land, does not change status of vendor; the assignee standing in no better position than assignor.

**Vendor and Purchaser—Strict Foreclosure—Defense—Defective Title.**

3. In an action against a purchaser in possession for strict foreclosure of a contract for the sale of land by vendor before the time when he is required to pass title, the purchaser cannot defend on the ground that title is defective, since vendor may acquire title before the specified time.

**Vendor and Purchaser—Strict Foreclosure—Defective Title—Estoppel.**

4. In such case the vendor and vendee stand in relation of landlord and tenant, and the purchaser, or his assignee, in possession is estopped from denying title of vendor.

**Vendor and Purchaser—Strict Foreclosure—Tender of Title—Concurrent Acts.**

5. The rule that before vendor can foreclose a sale contract he must tender title according to contract is not applicable, where payment of purchase price is a condition precedent to execution of deed; payment and making conveyance not being concurrent acts.

### ON PETITION FOR REHEARING.

**Vendor and Purchaser—Rescission by Purchaser—Default in Payment of Interest.**

6. Under an agreement providing for a deed after payment of purchase price, the purchaser cannot rescind for defects in vendor's title, where, after allowing purchaser all credits to which he is entitled, he is still in default in payment of interest at the time vendor brings suit to foreclose the contract.

**Vendor and Purchaser—Rescission by Vendor—Conditions Precedent.**

7. In order to put the vendor in default and claim a rescission of the contract, the purchaser must be ready to pay the entire purchase price, must offer to do so and demand a deed.

**Vendor and Purchaser—Rescission—Grounds—Defects in Title.**

8. Under a contract providing for a deed after payment of purchase price, payable a long time subsequent to date of contract, a defect in vendor's title does not call for rescission, provided sale is in good faith, and vendor has not by some affirmative act put it out of his power to perform; it being sufficient that he have title when purchaser has a right to a deed.

**Vendor and Purchaser—Strict Foreclosure— "Good Commercial Title" —Necessity.**

9. Although contract did not require delivery of a good and sufficient deed free from all legal encumbrances until payment of purchase price, vendor must, where he seeks a strict foreclosure, require purchaser to pay within a limited time a large sum of money due on purchase price, or lose his interest in property, be able to furnish a good commercial title, a title such as attorney for purchaser should advise his client to accept.

**Vendor and Purchaser—Rescission by Purchaser—Failure to Furnish Abstract—Estoppel.**

10. Granting that contract should be reformed, so as to require vendor to furnish an abstract of title, purchaser, who purchased an abstract and made payment on purchase price after vendor's alleged failure, was not entitled to rescind for vendor's failure to furnish an abstract.

From Lane: JAMES W. HAMILTON, Judge.

Suit by George D. Ward against W. F. James, Francis E. James, his wife, George R. Rickman, Ada-

line Rickman and Pennington County Bank, a corporation. From a decree in favor of Francis E. James, plaintiff appealed. Reversed and remanded with directions.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit to foreclose a contract for the sale of land, sought to be rescinded by the defendants. From a decree in favor of defendant Francis E. James, rescinding the contract and for $3,245.65, partial payments made and damages, plaintiff appeals.

On April 14, 1913, plaintiff George D. Ward and defendant W. F. James entered into a contract for the sale by the former and the purchase by the latter of a farm in Lane County, consisting of 640 acres for $18,000 to be paid in the following manner: Seven thousand dollars upon delivery of the contract and $11,000 on or before ten years from that date, with interest at seven per cent per annum payable annually. Defendant W. F. James was to pay the taxes on the land. A farm in South Dakota was conveyed to plaintiff for $6,000 and the sum of $1,000 in cash was paid by the Jameses, who entered into possession of the premises. The contract *inter alia* provided as follows:

"That the said party of the first part (Ward) hereby agrees and binds himself and his heirs, that in case the aforesaid sum of Eighteen Thousand ($18,000.00) Dollars with the interest, shall be fully paid, at the times and in the manner above specified, he will on demand thereafter cause to be executed and delivered to the said party of the second part (James), or his legal representatives, a good and sufficient deed, in fee simple of the premises above described, free of all legal incumbrances except the taxes herein agreed to be paid by the party of the second part. And it is agreed that if the party of the second part shall fail to make any of the said payments at the time

and in the manner above specified, this agreement shall henceforth be utterly void, and all payments thereon forfeited, or said party of the first part may foreclose this contract for the amount due thereon, together with costs and attorney fees, second party to have possession of said premises from May 1, 1913, free of charge so long as he complies with the terms of this agreement.''

Some livestock and personal property valued at $2,000 were transferred with the place which are not mentioned in the written agreement. On February 27, 1914, the defendants James entered into negotiations with the defendants Rickman for the transfer of the formers' interest in the property and for the assignment of the contract of sale which assignment was executed and recorded. The Rickmans entered into possession of the premises and remained there until after this suit was begun. On August 26, 1914, plaintiff commenced this suit for a strict foreclosure of the contract of sale, alleging that there was due and unpaid $952.26 interest, and $128.35, taxes on the land, which plaintiff was compelled to pay. The Jameses answered and asserted that the contract was made by W. F. James as agent for Mrs. Francis E. James and asked to have the same reformed in this respect, which was allowed. All the defendants defended upon the ground that there were defects and irregularities in Ward's title to the land and the Jameses asked to have the contract rescinded for that reason. REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Messrs. Williams & Bean, Mr. Jesse G. Wells* and *Messrs. Foster & Hamilton,* with oral arguments by *Mr. John M. Williams* and *Mr. O. H. Foster.*

For respondents there was a brief over the name of *Messrs. Thompson & Hardu*, with an oral argument by *Mr. Charles A. Hardy.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is contended by the plaintiff's counsel that the time for Ward to furnish a good title and convey the land to the Jameses or their assigns has not arrived and that the vendor is not in default in the premises; and therefore the contract of sale cannot be rescinded. The stipulation of the agreement of sale provides for a deed of conveyance to be made by Ward after the payment of the purchase price is completed. It appears that the consideration for the deed has not been paid nor tendered to Ward. In order to put Ward, the vendor, in default such payment, or a valid tender thereof, must be made to him according to the agreement of sale.

2. The assignment, or an arrangement for an assignment of the contract by the Jameses to the Rickmans did not change the status of the vendor. The Rickmans would stand in no better position than the Jameses did prior to such deal. Neither of the defendants is entitled to make the defense that there are defects in Ward's title and the Jameses are not entitled to rescind the contract of sale.

3, 4. It is sufficient if the vendor have good title when the vendee by payment or tender of the purchase money places himself in possession to demand title, where the vendee is in a position and there is no fraud: Waterman on Specific Performance, § 420. In actions by the vendor for the purchase money before the time when he is required by the contract to pass the title the purchaser cannot defend on the ground that the title is defective, since the vendor may acquire title be-

fore the specified time. It is sufficient if he has a good title at the time when the conveyance is to be made, and the objection that he had none when the contract was made will be unavailing. A purchaser in possession is estopped from denying the title of the vendor. The vendor and vendee stand in the relation of landlord and tenant: *Frink* v. *Thomas,* 20 Or. 265, 273 (25 Pac. 717, 12 L. R. A. 239); Maupin on Marketable Title to Real Estate, § 308, p. 741; 39 Cyc., pp. 1574, 1614; *Gervaise* v. *Brookins,* 156 Cal. 103 (103 Pac. 329). There can be no rescission and recovery of purchase price by the purchaser where the vendor is able and willing to perform within the time limited by the contract of sale: 39 Cyc. 2006. If the vendor fail to furnish good title at the time fixed for performance the purchaser may maintain an action to recover the price paid: 39 Cyc. 2009, note; *Eggers* v. *Busch,* 54 Ill. App. 279. Prior to the expiration of the time fixed for tendering the conveyance, James, the purchaser, cannot recover the partial payments made where no deed was required to be given by Ward until the balance of the price is paid, as agreed, the purchaser not having paid nor tendered the amount: *Sievers* v. *Brown,* 36 Or. 221 (56 Pac. 170), and cases there cited; *McAlpine* v. *Reicheneker,* 56 Kan. 100 (42 Pac. 339); *Woodward* v. *Van Hoy,* 45 Mo. 300. Where the payment of the purchase money or a deferred portion thereof and the making or tender of the deed are to occur simultaneously they are regarded as mutual and concurrent acts which disable either party from putting an end to the contract, without performance or a valid offer to perform on his part: *Frink* v. *Thomas,* 20 Or. 265, 273 (25 Pac. 717, 12 L. R. A. 239).

After the negotiations between the Jameses and the Rickmans an abstract of title was prepared and

examined by an attorney, resulting in a letter from James to Ward requesting him to straighten out the title and put the same in a marketable condition. After the commencement of this suit it appears that plaintiff took steps to do this. James claims that $500 for the possessory right to a tract of land should be credited as a payment to Ward.

The rights and equities of the parties in the premises depend largely on what has taken place since the beginning of this litigation. From the present state of the record it would be impossible for this court to adjust the equities of the case with safety. From the findings of the trial court it does not seem that Ward does not own the land in question, but that the record does not show a perfect title in him. Plaintiff seeks a harsh and unfavored remedy of a strict foreclosure: Wiltsie on Mortgage Foreclosures, vol. 2 (3 ed.), § 965; 27 Cyc. 1648 (b). This should not be granted without the court being informed as to the present conditions and as to the prospect of a compliance with the terms of the contract on the part of the Jameses. Quite a large payment in land and cash has been made. It appears that the personal property transferred with the place has been partly dissipated which has a bearing on the case.

5. It is asserted by counsel for defendants in their brief that before a vendor can foreclose a sale contract, he must be able to tender and tender a title in accordance with his contract. This rule applies where the payment of the purchase money and the making of the conveyance are by the contract to be concurrent acts. It cannot be invoked where by the terms of the contract payments of installments of interest are to be made which are conditions precedent to the execution of a deed. In other words, making

a deed "in accordance with his contract" in this case means furnishing such conveyance when the stipulated payments are made. The rule as claimed would permit the purchaser under certain conditions to remain in possession of the premises for ten years without paying interest. The parties have made their agreement and should abide by the same.

The decree of the lower court should be reversed and the cause remanded with permission for the respective parties to make application to that court to present the issues of the case as they now exist, if they so desire, and for such further proceedings not inconsistent herewith as may seem proper. Neither party should recover costs in this court; and it is so ordered.

REVERSED AND REMANDED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.

———————

Former opinion modified and rehearing denied May 29, 1917.

ON PETITION FOR REHEARING.

(164 Pac. 370; 164 Pac. 372.)

On petition for rehearing. Former opinion modified by dismissal without prejudice. Respondent to recover costs in the Circuit Court and the appellant the costs in this court.

*Mr. M. Vernon Parsons* and *Messrs. Thompson & Hardy,* for the petition.

*Messrs. Williams & Bean, Mr. Jesse G. Wells* and *Messrs. Foster & Hamilton, contra.*

Department 2.  MR. JUSTICE McCAMANT delivered
the opinion of the court.

6–8.  Defendants have filed a petition for a rehearing
and we have re-examined the questions raised by this
appeal.  There can be no doubt of the correctness of the
former opinion in so far as it denies defendants the
right to rescind the contract and recover their pay-
ments thereon because of the defects in plaintiff's title.
The defendants are entitled to certain credits on the
purchase price, including $500 as the value of a home-
stead relinquishment, but after all credits are allowed
they were still in default on the payment of interest
when the suit was brought.  This of itself precludes
granting them the affirmative relief prayed for: *Eames*
v. *Der Germania Turnverein,* 8 Ill. App. 663, 673, 674;
*Ketchum* v. *Evertson,* 13 Johns. (N. Y.) 359, 365 (7
Am. Dec. 384) ; *Hudson* v. *Swift,* 20 Johns. (N. Y.) 24;
*Green* v. *Green,* 9 Cow. (N. Y.) 46, 52.  In order to put
the vendor in default and claim a rescission of the con-
tract the vendee must be ready to pay the entire pur-
chase price, must offer so to do and demand a deed:
*Eames* v. *Der Germania Turnverein,* 8 Ill. App. 663,
673, 674; *Foster* v. *Jared,* 12 Ill. 451, 454; *Hudson* v.
*Swift,* 20 Johns. (N. Y.) 24.  When, as in this case, the
purchase price is payable at a time long subsequent to
the date of the contract, a defect in the vendor's title
does not call for a rescission of the contract, provided
the sale is made in good faith and the vendor has not
put it out of his power to perform the contract by some
affirmative act, as a conveyance of the property to a
third party.  It is sufficient that he have title when the
vendee has a right to a deed: *Thomas J. Baird Invest-
ment Co.* v. *Harris,* 209 Fed. 291, 297, (126 C. C. A.
217) ; *Winkler* v. *Jerrue,* 20 Cal. App. 555, 559 (129
Pac. 804) ; *Morris* v. *Columbia Canal Co.,* 75 Wash.

483, 486 (135 Pac. 238); *Reard* v. *Ephrata Orchard Homes Co.,* 78 Wash. 180, 187 (138 Pac. 678); *Golden Valley Land & Cattle Co.* v. *Johnstone,* 25 N. D. 148, 160 (141 N. W. 76); *Foster* v. *Jared,* 12 Ill. 451, 454, 455; *Eames* v. *Der Germania Turnverein,* 8 Ill. App. 663, 672; *Tanzer* v. *Bankers' Land & Mtg. Corp.,* 159 App. Div. 351, 144 N. Y. Supp. 613, 615; 39 Cyc. 1529. In the opinion of the writer the above rule is of doubtful wisdom as applied to the conditions under which real estate is marketed in Oregon, but it is a firmly established principle of the law of contracts and if it is *to be departed from in this jurisdiction,* the departure should be based on legislative action.

9. The principle as laid down in the books has its limitations; it is held that when the vendor calls on the vendee to perform his part of the contract the vendor must be able to pass title: *Eggers* v. *Busch,* 54 Ill. App. 279, 284. We think that the case at bar falls within the operation of this principle. Plaintiff seeks a strict foreclosure; he asks a decree requiring defendants within a limited time to pay the large sum of money still unpaid on the purchase price and in default of such payment to lose their interest in the property. It is only just to require plaintiff in such case to be able to furnish a good commercial title; the defendants may desire to borrow a part of the purchase price on the security of the land and they should be given a title adequate for such purpose. It is held that a vendor is not entitled to a forfeiture of the interest of the vendee unless he is in a position to furnish such a title as the contract calls for: *Bryson* v. *Crawford,* 68 Ill. 362, 365. This principle is held inapplicable when the only defect of title is an encumbrance of such size that it can be liquidated by the purchase price: *Reard* v. *Ephrata Orchard Homes Co.,* 78 Wash. 180 (138 Pac.

678); *True* v. *Northern Pacific R. Co.*, 126 Minn. 72, 77 (147 N. W. 948). In the opinion of the writer this exception to the rule should be further limited to cases where the purchase price has been set apart or appropriated to the payment of the encumbrance. Our holding that a vendor should be denied the remedy of foreclosure unless he is able to furnish such title as the contract calls for is supported by 39 Cyc. 1534 and *McKinney* v. *Jones,* 55 Wis. 39, 50 (11 N. W. 606, 12 N. W. 381).

The record sufficiently shows that plaintiff at this time does not have a good commercial title. It appears that he has brought suit to quiet his title and that this suit is contested. We forbear to express any opinion as to the merits of this litigation except in so far as the decision of this cause requires such expression. It is sufficient to say that the title of plaintiff is not such as an attorney for a purchaser should advise his client to accept, and that therefore it is not such as is called for by the contract of these parties.

10. Defendants contend that they are entitled to rescind because plaintiff failed to furnish an abstract of title and we are cited to a number of authorities in support of this contention. These were all cases in which the furnishing of such abstract was made a condition precedent by the contract of sale. The contract in the case at bar makes no mention of an abstract. Defendants contend that it should be reformed in this respect; it is doubtful if they are entitled to a reformation, but if the contract were so reformed we would have to hold that defendants have waived their right to rescind on this ground. It appears that defendants purchased an abstract and that they seek to counterclaim the price against plaintiff; furthermore, that they made a pay-

ment on the purchase price after plaintiff's alleged failure to furnish the abstract. They cannot now treat the furnishing of an abstract as a condition precedent: *McAlpine* v. *Reicheneker*, 56 Kan. 100 (42 Pac. 339).

As a result of our re-examination of the issues we think the decree should be one of dismissal without prejudice. The defendants should recover their costs and disbursements in the lower court, and plaintiff should have a like recovery here.

MODIFIED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and. MR. JUSTICE BEAN concur.