Argued March 18, decided March 25, rehearing denied May 27, 1913.

## MERCHANT LAND CO. *v.* BARBOUR.

(130 Pac. 976: 132 Pac. 710.)

**Vendor and Purchaser—Contract—Assignment—Construction.**

1. One who had contracted with plaintiff for the purchase of land, and paid part of the price, afterward executed a contract with defendant, reciting that he thereby assigned to defendant a one-half interest in the land covered by the contract with plaintiff; that the assignment to defendant was made subject to all the conditions of the contract, which were thereby assumed by defendant equally with assignor; that defendant should pay assignor interest upon his share of

the amount already paid, and upon his share of any other advances made by assignor, until repaid by defendant; and that, when the original land contract was complied with, the deed from plaintiff should convey an undivided half interest each to defendant and his assignor, and that after such conveyances the proceeds of further sales of the land might be used by assignor in the construction of a railroad, provided defendant's interest therein was secured. *Held,* that the contract did not establish any privity of contract between plaintiff and defendant, but, at best, merely defined contractual relations between defendant and his assignor.

**Specific Performance—Right.**

2. One who had purchased land from plaintiff, and made partial payments under an executory contract, executed an agreement with defendant in 1890 by which he assigned to defendant a one-half interest in the land contract, defendant assuming all of the conditions of the contract equally with his assignor, and the contract provided that, when the land was paid for, an undivided half interest should be conveyed to defendant and his assignor, but defendant never paid anything on the land. *Held,* that it would be an abuse of judicial discretion to decree a conveyance of any interest in the land to defendant, in view of the long time elapsing, and of the fact that defendant had never paid anything on the land.

[As to discretion of court to grant specific performance, see note in 128 Am. St. Rep. 384.]

**Vendor and Purchaser—Contracts—Assignment—Duty of Vendor.**

3. Where a contract for the sale of land bound the vendor to convey to the vendee or such other person as the vendee should direct in writing, such provision related only to the final consummation of the contract, or some part of it, and, the vendee having assigned an undivided half interest therein to B., who was in no privity with the vendor, the latter owed B. no duty except to convey the property to him jointly with the vendee, on full payment of the price.

**Vendor and Purchaser—Termination of Contract—Surrender.**

4. Where a vendee assigned a half interest in his contract to B., who had not agreed with the vendor to purchase nor to pay the consideration, and was under no privity of contract with him, B. could not object to a termination of the contract by a quitclaim by the vendee to the vendor, unless before such surrender he had tendered the purchase price of the land.

From Coos: James W. Hamilton, Judge.

Statement by Mr. Justice Burnett.

This is a suit by the Merchant Land Company, a corporation, against J. H. Barbour to determine an adverse claim to certain lands in Coos County, Oregon.

The plaintiff, claiming to be the owner in fee simple and in possession of certain described real estate which is not in the possession of any other person, brought this suit to determine the adverse claim of the defendants to the realty in question, alleging that the defendant has no right, title, interest or estate therein. The answer traversed every allegation of the complaint, except that of the corporate character of the plaintiff. It further sets out what for the purposes of this opinion may be termed an agreement entered into between C. H. Merchant and his wife, as parties of the first part, and R. A. Graham, as party of the second part, under date of October 16, 1890, whereby the Merchants agreed to sell to Graham and he agreed to buy from the Merchants the realty in question. It also alleges that Graham had paid $10,000 on the purchase price of $90,000 required by the contract, and that on November· 8, 1890, Graham executed and delivered to the defendant the following writing:

"For and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I hereby sell, assign and transfer to J. H. Barbour of San Diego, California, an equal, one-half interest in a certain land contract recently executed to me by C. H. Merchant and wife of Marshfield, Oregon, by which said Merchant agrees to convey to me for the sum of ninety thousand dollars payable as specified in said contract, that tract of land near the town of Marshfield described in said contract, and comprised in what is known as the 'Railroad Addition' to Marshfield, according to the map of said addition on file in the clerk's office of the county of Coos, Oregon. This assignment is made subject to all the conditions of said contract which are hereby assumed by Barbour, equally with myself. The first two payments under the said contract having been already made by me, said Barbour is to pay me interest at the rate of ten per cent per annum upon his share thereof, and upon his

share of any other advances made or to be made by me until the same are repaid by him. In like manner he is to be allowed by me at the same rate upon any advances in excess of his one-half proportion for such period as such advances are used. When the terms of said contract are complied with, and the deed for the land becomes due thereunder from said C. H. Merchant, the deed shall be made to said Graham and said Barbour and convey an undivided one-half interest to each, it being expressly understood that all money or property received for any portion of said land shall be applied upon the purchase payment of $90,000 until the payment therefor shall be fully completed. After the completion of all payments to C. H. Merchant on account of said land purchase and the execution of deed conveying a one-half interest therein to said Barbour, the proceeds of any further sales thereof may be used by said Graham at the rate of interest heretofore specified on said Barbour's half thereof, in the execution of this contract to build a line of railroad from Coos Bay to Roseburg, until January 1st, 1893; provided, however, that the share of said Barbour in the moneys so used shall be secured to him by the deposit with him by said Graham of the first mortgage bonds of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, at the rate of fifty per centum of their par value, to an amount equal to the share of said Barbour in said moneys so used by said Graham, or by other collateral acceptable to said Barbour. The land contract herein referred to bears date October 1st, 1890, and is recorded in the office of the county clerk of Coos County, Oregon.

"In witness whereof, I have hereunto set my hand and seal this 8th day of November, 1890.

"R. A. GRAHAM.   [Seal]"

The answer further asserts, in substance, that the plaintiff took title to the premises from Merchant and his wife with full knowledge of the rights of the defendant therein; that the plaintiff and its predecessors in

interest had sold and conveyed parcels of the property in dispute for more than enough to pay the purchase price under the contract together with all taxes and assessments which have been levied thereon since October 16, 1890; that Graham and the defendant have fully performed all the provisions of the contract of sale by them to be observed; and that, although Graham and his wife on or about March 20, 1894, remised, released and quitclaimed the property to C. H. Merchant, yet it did not include the interest of the defendant, who now demands a decree of specific performance of the contract to convey an undivided half interest in the property.

The reply traverses the answer in all material particulars except that it admits the execution of the quitclaim deed from Graham to Merchant, but denies that it included less than the entire estate in the land arising from the contract for the sale of the same. That pleading further avers the rescission of the contract by Graham on account of failure of the other party thereto to comply with its terms and conditions, the abandonment of the same by Graham and the defendant, the resumption by Merchant of the exclusive possession of the property on October 1, 1891, and continuous adverse possession of the same since then, and that the defendant was not seised or possessed of any part of the lands within ten years next before the commencement of the suit. After a hearing on the issues involved, the Circuit Court entered a decree in favor of the plaintiff, from which the defendant has appealed.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Joseph W. Bennett, Mr. Bennett Swanton* and *Mr. Tom T. Bennett,* with an oral argument by *Mr. Joseph W. Bennett.*

For respondent there was a brief and an oral argument by *Mr. Cassius R. Peck.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It will be observed that the writing executed by Graham November 8, 1890, and delivered to the defendant does not purport to be a conveyance of any interest in any land, neither does it convey the impression of having been agreed to by Merchant or of establishing any privity of contract between him and the defendant. At best, that instrument can be construed only as attempting to define contractual relations between Graham and Barbour. It is not pretended in the testimony that the defendant ever paid anything whatever to Merchant or his successor in interest, the plaintiff, on account of the realty in question. As to Graham, it seems from the evidence that the paper of November 8, 1890, was designed as a kind of bonus to Barbour for his influence to be used in favor of the former in financing the construction of a railroad in Coos County. Nothing appears to have been accomplished in that direction, as Barbour could not float the railroad bonds, and it is certain he paid no money to Graham. The defendant paid no attention to the property in any way, never saw it, and never exercised any act of ownership over it. Called upon by this suit to declare his interest in the real property, the defendant, by his answer and cross-complaint filed September 6, 1910, for the first time, and that nearly 20 years after the transaction he describes, asserts in terms that he is the equitable owner of one half of the premises and calls upon the plaintiff to specifically perform a contract to convey to him the legal title thereto.

2. The pleading does not show any privity of estate or of contract with the plaintiff. Granting, however, that he stood in Graham's shoes as against the plaintiff for one half of the estate, it is incumbent upon him to perform his part of the dependent covenants of the contract before he can invoke judicial aid to enforce performance by the other party. Not having put anything into the land, it is certain he can take nothing out, at least as against the plaintiff. His grievance, if any, must be adjusted with the man with whom he contracted. His pseudo title cannot rise above its source, R. A. Graham. The latter divested himself of his estate by the deed already mentioned, and with it fell the pretensions of ownership in which the defendant may have indulged. In any event, a decree of specific performance rests in the discretion of the court, and it would be a gross abuse of that judicial prerogative to decree a conveyance to one who has never paid a dollar on the land, besides sleeping on his claim for nearly two decades.

The decree of the Circuit Court is affirmed.

AFFIRMED.

Decided May 27, 1913.

ON PETITION FOR REHEARING.

(132 Pac. 710.)

MR. JUSTICE EAKIN delivered the opinion of the court.

3, 4. The principal ground of the motion for rehearing is that the quitclaim deed from Graham to Merchant reconveyed only Graham's undivided interest in the land to Merchant, and that defendant's equity still remains. The error in this contention lies in the fact that Barbour sustains no contractual relations with Merchant. The contract between Barbour and

65 Or.—16

Graham is not signed by Barbour, and although in a suit by him against Graham on the contract, it might be good under the statute of frauds and bind him to pay half the price of the land, yet it would not make Barbour a party to Graham's contract with Merchant, as he had no remedy against Barbour; and Merchant owed him no duty except to convey the property to him jointly with Graham, upon full payment of the purchase price. The first clause of the contract between Merchant and Graham, which provides that Merchant shall sell and convey to Graham, or such other person as Graham shall direct in writing, relates only to the final consummation of the contract, or some part of it. There is no provision that Merchant shall owe any duty to anyone but Graham, but only to convey to anyone named by Graham who pays the money. Barbour, having no contract with Merchant has no claim upon him. Barbour has not agreed with Merchant to purchase nor to pay $90,000. Therefore Merchant had no one to deal with other than Graham; and on March 20, 1894, when Graham quitclaimed to Merchant, he waived the demand provided for in the fifth paragraph of the contract, and terminated and surrendered it. Consequently Barbour could not object unless before that time he had tendered the purchase price of the land. Merchant by contract was under obligation to no one except the one named in writing by Graham upon the payment of the money; and, though the contract by Graham with Barbour might be considered a request to Merchant to convey to Barbour, yet Merchant was not called upon to recognize it until there was a tender of the money, which was not made. For 20 years after the agreement with Graham, and for 16 years after Graham had surrendered his rights, the defendant did nothing to carry out his agreement with Graham. He has not

paid a dollar nor made any claim under his agreement. In fact, he abandoned the agreement, and there is no equity in his favor.

The motion is denied.

AFFIRMED : REHEARING DENIED.