Argued February 8, affirmed March 6, 1963

# DORR ET UX v. JANSSEN ET AL

378 P. 2d 999

*Charles D. Burt,* Salem, argued the cause and filed a brief for appellants.

*Sam Speerstra,* Salem, argued the cause for respondents. With him on the brief were William B. Wyllie and Rhoten, Rhoten & Speerstra, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is an action for damages for alleged fraud in the sale of a cattle ranch. The plaintiff-purchasers appeal from a directed verdict for the defendant-vendor.

The transaction out of which this litigation arose began with an exchange of property. The purchasers, hereinafter referred to as Dorr, exchanged certain equities which they owned in Oregon real property for an equity in the vendor's ranch in California. The vendor, hereinafter referred to as Janssen, was to be paid the sum of $165,000 for the difference between the agreed value of Dorr's interests in Oregon property and that of the California ranch.

Dorr had no capital and could not obtain credit with which to operate the ranch. The periodic payments to Janssen at the beginning of the contract period were to be slightly under $1,000 per month, plus such additional sums as would fall due on notes for money advanced to Dorr by Janssen. The payments were scheduled to increase substantially in the future. It soon became obvious to all parties that Dorr could not make even the contract payments, much less finance the operations of the ranch. He made five payments, three of them with money borrowed from Janssen, during the eleven months he was in possession.

After falling six payments in arrears, Dorr reconveyed all the real and personal property to Janssen. The reconveyance was supported by valuable consideration, although the equities previously transferred by Dorr to Janssen were all retained by Janssen. There is no evidence that Dorr requested their return. In this connection, it may be observed that there was, therefore, no mutual rescission and restoration of the *status quo* as those terms are ordinarily understood. See *Bridgmon et al v. Walker et al,* 218 Or 130, 344 P2d 233 (1959). We cannot treat the reconveyance as an election to rescind. See *Scott v. Walton,* 32 Or 460, 464, 52 P 180 (1898). The reconveyance, however, is not without legal effect. What that legal effect is becomes the pivotal question in this case.

After reconveying the ranch to Janssen, Dorr filed his complaint in this action. He alleged that he had been induced to buy the ranch by false representations concerning the value of the ranch, its livestock-carrying capacity, the availability of local bank loans for operating capital, and the like. There was a failure

of proof on all the allegations of fraud except, perhaps, the one concerning the carrying capacity of the ranch. Without rehearsing the details, it is sufficient to observe that there may have been a jury question on that score. Accordingly, we may assume, without deciding, that it might have been mandatory to submit the cause to the jury unless the trial court correctly analyzed the legal effect of the transaction which resulted in the reconveyance of the ranch to Janssen. If the evidence proved facts from which it could be said, as a matter of law, that Dorr had lost his right to bring the action, then the trial court was free from error in any event.

■ Dorr challenges first the ruling of the trial court which permitted Janssen, after his evidence was in, to amend his answer to allege a waiver of the alleged fraud. The original answer had alleged that Dorr had voluntarily returned the property to Janssen to avoid the costs of litigation. The amended answer, by interlineation, alleged that Dorr had knowledge of and had waived any fraud that may have been perpetrated. The amendment merely asserted a legal conclusion the pleader drew from evidence that had come in without objection. While the amendment may have been redundant, it did not substantially change the theory of the defense. The voluntary return of the property, as a factual matter, had been alleged by the original answer. The legal effect of reconveyance had not been pleaded, but the circumstances surrounding the reconveyance had been. Dorr had responded to these facts in his reply (by alleging new fraud). There was no surprise on any allegation of fact. In permitting the amendment, the court did not abuse its discretion. See ORS 16.390; *Baker v. Brookmead Dairy, Inc. et al,* 230 Or 384, 370 P2d 235 (1962); *Smith v. Jacobsen,*

224 Or 627, 356 P2d 421 (1960). The evidence was not entirely free from conflict upon what the parties said or intended to say at the time of the reconveyance, but it was clear that the reconveyance was voluntary and was motivated by Dorr's desire to gain time to find a buyer, to release himself from burdensome payments, and to avoid the expenses of litigation should Janssen take the matter to court.

■ The trial court, on the urging of Janssen, characterized the reconveyance as a "mutual rescission," which, as noted, it was not. There was no attempt to restore the *status quo ante* the contract. Whatever the agreement to reconvey is called, however, it was a new agreement. Dorr was in serious default and subject to immediate foreclosure. The evidence is uncontradicted that a part of the consideration for the voluntary reconveyance was an enforceable promise by Janssen that Dorr would have an additional ninety days in which to seek to sell the ranch on his own account, with Dorr having the obligation in such event to distribute the proceeds of sale to Janssen until Janssen was fully paid, the overplus to go to Dorr. Additional consideration may be found in the cancellation and return to Dorr of notes representing his indebtedness to Janssen for advances in addition to the purchase-money for the ranch.

■ The conflict in the evidence concerned the question whether Dorr was induced to reconvey by an alleged representation on Janssen's part that if Dorr refused to reconvey such refusal would cost Dorr another $14,000 in attorney fees. This was the new fraud alleged in the reply. Janssen denied giving Dorr such advice. Dorr swore that he reconveyed solely in reliance upon that advice. The trial court correctly disregarded this testimony of Dorr because, whether

or not a jury might have thought his version of the conversation was true, Dorr had no right, as a matter of law, to rely upon any such expression of opinion by Janssen. See 23 Am Jur 781, Fraud & Deceit § 27; and *Ward v. Jenson,* 87 Or 314, 170 P 538 (1918).

In certain circumstances, an expression of opinion can give rise to a claim of fraud (see *Ward v. Jenson,* supra), but here there was no evidence that Janssen made the statement as an assertion of fact, nor, if made, that the statement was false, nor, if false, that Janssen knew or should have known it to be false. The evidence amounted to nothing more than the bald assertion by Dorr that the statement was made by Janssen. For all the record shows, Janssen's opinion may, indeed, have been an accurate one. Both parties were experienced business men, dealing at arms' length. Neither had any right to rely upon the other's speculation concerning the cost of future litigation.

■ The trial court was fully warranted in concluding that no useful purpose could be served by submitting the cause to the jury. It is undisputed that the parties, after Dorr had knowledge of all the facts, made a new agreement, supported by consideration, respecting and materially changing the rights and duties arising out of the first transaction, which Dorr claimed he had been fraudulently induced to enter. By his participation in the new agreement, Dorr relinquished all right to damages arising out of the alleged misrepresentations. *Anderson v. Laws et al.,* 176 Or 468, 159 P2d 201 (1945).

"* * * In 24 Am. Jur., Fraud and Deceit, 42, § 214, it is said to be the general rule that 'if one induced by misrepresentations or fraud to deal or acquire, or to enter into a contract for the acquisition or use of property thereafter, with knowledge

of the deception, receives from the party guilty of fraud some substantial concession or enters into a new contract in respect of the transaction, he thereby relinquishes all right to recover or recoup damages because of the misrepresentations.' So far as we have been able to ascertain, the validity of this principle has never been questioned by any court. It may be found enunciated and applied in numerous cases cited in the foregoing text and in the annotation in 106 A. L. R. 172 to the case of *Bonded Adjustment Co. v. Anderson,* 186 Wash. 226, 57 P. (2d) 1046, 106 A. L. R. 166." 176 Or at 472.

See, to like effect, *Conzelmann v. N. W. P. & D. Prod. Co.,* 190 Or 332, 354-357, 225 P2d 757 (1950).

Affirmed.