Argued April 8, reversed and remanded July 15, opinion
modified September 10, 1965

# COLE *v.* CLARK ET UX

404 P. 2d 194
405 P. 2d 632

*Theodore S. Bloom,* Portland, argued the cause for appellant.

*Ervin L. Kincaid,* Eugene, argued the cause for respondents. With him on the brief was William Bartle, Eugene.

Before McAllister, Chief Justice, and Perry, O'Connell and Holman, Justices.

O'CONNELL, J.

This is a suit in equity in the nature of a suit to foreclose an assignment of an executory contract for the sale of land given as security for the payment of $7,000 alleged to have been owed by defendants to plaintiff as trustee for Grady G. Gooch. Plaintiff appeals from a judgment of involuntary nonsuit.

Defendant Lucille V. Clark and her former husband, Grady G. Gooch, were divorced and defendant was awarded certain real property. Subsequent to the entry of the divorce decree Grady Gooch employed plaintiff as his attorney to appeal from the divorce decree. In consideration of the dismissal of the appeal defendant Lucille V. Clark agreed to pay $4,000 which was to be used to obtain the release of certain judgments against the real property held by defendant, and also to pay to plaintiff, as trustee for Grady

Gooch, $7,000 secured by the assignment referred to above. The assignment provided in substance, as follows:

"* * * LUCILLE V. GOOCH [defendant], hereinafter known as Assignor, hereby assigns unto HERBERT M. COLE, Trustee, hereinafter known as Assignee, all her right, title and interest in and to that certain contract * * * wherein JOE BELLAVANCE and LEE BELLAVANCE, his wife, contract to sell to GRADY G. GOOCH and LUCILLE V. GOOCH that certain property situated in Klamath County, Oregon and described as follows: [description follows]

"As security for the payment of Seven Thousand Dollars ($7,000) on or before five years of the date hereof together with interest at the rate of six (6%) per cent per annum for one year from the date hereof.

"The right of possession of the above-described real property shall remain in the Assignor with full right of the Assignor to sell said real property or her interest in said contract and the Assignor shall exercise due diligence to sell said real property or her interests in said contract.

"Assignor shall faithfully perform all the obligations and conditions of the above mentioned contract to be performed by the Purchasers and shall make payments thereon as the same shall become due. In the event the Assignor shall fail to make any such payments or perform any of the obligations the Assignee shall have the right to make such payments or perform such obligations. Any such payment or costs of performance shall be added to the amount secured hereby.

"Upon payment to the Assignee [of] the sum of Seven Thousand and no/100 ($7,000.00) Dollars together with such interest as may have accrued thereon and such further sums as have been paid by the Assignee under the provisions of the previous paragraph, Assignee shall forthwith assign to

Assignor or her nominee the contract hereby signed and convey any and all interest he may have in said contract and real property to the Assignor or her nominee. In the event the Assignor shall not on or before five (5) years from the date hereof pay to the Assignee the sum of Seven Thousand and no/100 ($7,000.00) Dollars plus interest that may have accrued in accordance with the provisions hereof and such other sums as the [Assignee] may have expended on the authority hereof or in the event the Assignee shall be required by reason of the default of the Assignor to make any payments or perform any of the obligations of the contract hereby assigned and [if] the Assignor does not reimburse the Assignee for such expenditures within six (6) months from the date of demand the Assignee may then or any time thereafter and while such sums are not paid take possession of the property described in the contract hereby assigned and sell the same at the highest available price. And in the event of any such sale the proceeds thereof shall be paid first to the cost of sale, second to the payment of the sums hereby secured and third the balance to the Assignor. In the event of any such sale the Assignor shall execute such instrument as shall be required to convey title to the purchaser.

"Upon payment of the sum of Seven Thousand and no/100 ($7,000) Dollars to the Assignee, or upon advice to him of the sale and the availability of the sum of Seven Thousand and no/100 ($7,000.00) Dollars, the Assignee, shall forthwith obtain and file a release of the above described real property from the attachment filed [describing it]. * * * * *"

[Signed by defendant]

The complaint alleges that defendant Lucille V. Gooch "agreed to cause to be paid to or for Grady G. Gooch the sum of $4,000 in cash and to pay the further sum of $7,000 to Herbert M. Cole as trustee and that

as security for said $7,000.00 defendant * * * for a valuable consideration made, executed and delivered to Herbert M. Cole, trustee, plaintiff herein, an assignment of contract [identifying it]." It is alleged "that at all times herein material Herbert M. Cole was and still is trustee for Grady G. Gooch."

The complaint also contains the following allegation: "That defendants have sold said real property and that said $7,000.00 is due, owing and payable and that defendant has failed and refused to pay to plaintiff said $7,000.00 * * * and that plaintiff has no plain, speedy or adequate remedy at law."

The trial court nonsuited plaintiff on two grounds: (1) That there was not sufficient evidence to establish the trusteeship, and (2) that there was no acceleration clause in the assignment of contract and at the time the complaint was filed there was nothing due because there remained two years within which to pay the amount owed by defendant.

We hold that neither of these grounds is well taken. The complaint clearly alleges that plaintiff was trustee for Grady Gooch. The complaint also alleges that defendant agreed to pay $7,000 to plaintiff "as trustee" and that the assignment was executed to plaintiff as "trustee."

ORS 13.030 provides in part that "a trustee of an express trust * * * may sue without joining with him the person for whose benefit the action or suit is brought."

■ The complaint makes it reasonably clear that defendant agreed to pay $7,000 to plaintiff as trustee for Grady Gooch as consideration for a compromise agreement into which defendant and Grady Gooch had entered. It was not necessary to recite in any greater

detail the terms of the trust.[1] The allegations that plaintiff was trustee for Grady Gooch are supported by the evidence. The fact that the assignment of the contract was made to plaintiff as "trustee" is evidence that plaintiff was regarded as trustee in the execution of that assignment. Lucille Clark's attorney testified that plaintiff "was acting as trustee" for the purpose of "getting the various creditors to consolidate their claims" against Grady Gooch. Plaintiff testified that he represented Mr. Gooch as trustee. He explained that the trust consisted of collecting and applying monies in the payment of Mr. Gooch's debts. The evidence was sufficient to establish that plaintiff was both an agent and a trustee for Grady Gooch.

The involuntary nonsuit was also based upon the ground that since the assignment did not contain an acceleration clause the suit was prematurely instituted. It is plaintiff's contention that the debt was accelerated when defendant sold the property. We believe that this is a fair interpretation of the assignment. It does not seem reasonable to assume that the parties intended the security arrangement to last only until the property was sold. It is more reasonable to construe the assignment to mean that upon the sale of the assignor's interest the lien was to carry over to the proceeds and that the proceeds would be applied immediately upon sale to the payment of the debt.[2]

---

[1] Defendants rely upon Holladay v. Davis, 5 Or 40 (1873) in support of their contention that the complaint did not adequately disclose the terms of the trust. That case holds only that when a plaintiff sues as trustee he must allege for whose benefit the action is brought. In the case at bar the complaint alleged that plaintiff was trustee for Grady Gooch.

[2] There is some evidence in the case supporting this construction. Plaintiff, in response to questions concerning negotiations leading up to signing the documents, testified that it was under-

■ Moreover, the objection that a suit or action is prematurely brought must be raised by a plea in abatement.[9] Defendants' answer consisted only of a plea in bar.

The judgment of the lower court is reversed and the cause is remanded for a new trial.

### ON REHEARING

stood that "we would be paid four thousand dollars and an assignment to secure a balance of seven thousand dollars *from certain real estate*" (emphasis added). He also testified that "we also had no objection in that she wanted to sell her interest in that— her portion of the property. We had no objection as long as we were paid. She was the logical person to sell." The acceleration of the debt upon the sale of secured property has been recognized in analogous situations. Cf., Osborne, Mortgages § 136, p. 333 (1951); Uniform Trust Receipts Act § 10 (1957); Uniform Commercial Code § 9-306 (1962).

[9] Barnum v. Lockhart, 75 Or 528, 146 P 975 (1915); McClung v. McPherson, 47 Or 73, 81 P 567, 82 P 13 (1905); Fiore v. Ladd, 29 Or 528, 46 P 144 (1896).

Theodore S. Bloom, Portland, for the petition.

Ervin L. Kincaid, Eugene, and William W. Bartle, Eugene, contra.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

■ Plaintiff has filed a petition to modify our opinion reversing the judgment for defendant and ordering a new trial. Plaintiff contends that the evidence resolves all questions of fact in his favor and that, therefore, there is no necessity for a new trial. We agree.

Defendants argue that they have evidence to show that the sum of $4,000 paid to the plaintiff pursuant to certain escrow instructions was a partial payment on a total indebtedness of $7,000. However, from the

evidence it is clear that the obligation to pay the sum of $7,000 secured by the assigned contract was in addition to the obligation to pay the sum of $4,000.

■ Defendants rested without putting in any evidence. They then moved for an order granting an involuntary nonsuit which was, in effect, a motion to dismiss since this was a suit in equity to foreclose an executory contract for the sale of land. Having adopted this procedure defendants risked having their case decided upon the evidence adduced by plaintiff. The evidence being sufficient to support plaintiff's contention, defendants cannot now complain. *Newman v. Stover*, 187 Or 641, 213 P2d 137 (1950).

Our former opinion is, therefore, modified as follows: The decree is reversed with directions to enter judgment for plaintiff in the amount of $7,000 plus interest at 6% per annum from December 16, 1957, and for plaintiff's costs and disbursements and for such other relief, if any, prayed for in plaintiff's complaint and supported by evidence as the court shall find to be equitable.