Argued June 7, affirmed June 26, 1968

SANDERS, *Respondent, v.* ULRICH ET AL, *Defendants,* and CURTIS, *Appellant.*

443 P. 2d 231

*F. P. Stager,* Salem, argued the cause and filed a brief for appellant.

*Donald Krause,* Portland, argued the cause for respondent. On the brief were Krause, Lindsay & Nahstoll.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is a suit for strict foreclosure of a land sale contract. The purchasers, John H. Ulrich and James F. Colley, defaulted and a decree was entered allowing them sixty days within which to pay sums found by the court to be owing to the plaintiff and, if not so paid, foreclosing all their rights in the property.

The only dispute arises out of the contention of the defendant Roberta Curtis that, as assignee of the purchasers, she should be adjudged to have a lien upon the land superior to the rights of the plaintiff. From an adverse decree Mrs. Curtis appeals.

Mrs. Curtis, a realtor, represented the plaintiff in the sale of the property, a motel in Lincoln City, Oregon. She loaned money to the purchasers to enable them to make the down payment on the contract and took from them an assignment of a "partial interest" in the contract between plaintiff and the purchasers as security. The amount involved is $5,500.

Plaintiff filed this suit on September 26, 1966, and on October 7, 1966, accepted a quitclaim deed to the premises from the purchasers and entered into pos-

session of the premises. Defendant's counsel urges that acceptance of the quitclaim deed and possession effected a merger of "the legal and equitable interests" and "left outstanding the mortgage," i.e., the assignment to Mrs. Curtis.

■ As between the purchasers and Mrs. Curtis the assignment no doubt would be considered a mortgage, *Lovejoy v. Chapman,* 23 Or 571, 575, 32 P 687. But the plaintiff was not a party to the assignment, had no knowledge of the making of the loan by Mrs. Curtis to the purchasers until long after that transaction, and no knowledge of the execution of the assignment other than constructive notice of it when the instrument was recorded, more than a year after the contract of sale was entered into, and received no money from Mrs. Curtis. As to the plaintiff, Mrs. Curtis was not a mortgagee, but she stood in the shoes of the purchasers and her rights could rise no higher than theirs: *County of Lincoln v. Fischer et al,* 216 Or 421, 435, 339 P2d 1084; *Ward v. James,* 84 Or 375, 379, 164 P 370, 372; *Merchant Land Co. v. Barbour,* 65 Or 235, 241, 130 P 976, 132 P 710. The plaintiff was under no obligation to Mrs. Curtis and the latter could demand nothing of the plaintiff except a deed upon tendering the purchase price of the land, *Merchant Land Co. v. Barbour,* supra. Her only claim, however, is that she has a lien on the property and that claim is without any support in law or the facts. If the purchasers are indebted to her, it is to them that she must look for satisfaction.

■ It is also contended that by acceptance of a quitclaim deed from the purchasers and taking possession of the property plaintiff rescinded the contract. Assuming, without deciding, that this is a question which Mrs. Curtis has standing to raise and that a mutual

rescission with restoration of the status quo (see *Morrison et al v. Kandler et ux,* 215 Or 489, 498-499, 334 P2d 459) would create rights in Mrs. Curtis against the plaintiff, the record does not support the contention. The purchasers voluntarily surrendered possession of the motel to the plaintiff. It was in extremely bad disrepair. The cost of restoring the property was between sixteen and seventeen thousand dollars. We said in *Nygaard et ux v. Anderson,* 229 Or 323, 333, 366 P2d 899:

"* * * [W]here the premises are unoccupied and vendor resumes possession after filing a suit to foreclose, in the absence of evidence indicating an intent to disaffirm the contract or circumstances inconsistent with the existence of the contract, it will be assumed that possession is taken to protect vendor's security interest pending the suit to foreclose."

See, also, *Mohr v. Lear,* 239 Or 41, 395 P2d 117; *Miller et ux v. Barker et ux,* 233 Or 113, 119, 377 P2d 343; *Morrison v. Kandler,* supra, 215 Or at 506-507. It is obvious that the purpose of the plaintiff here in resuming possession was to protect her security interest pending foreclosure. There is no evidence to the contrary. Under these circumstances acceptance of the quitclaim deed cannot be regarded as evidence of an intention on plaintiff's part to repudiate the contract, *Dorr et ux v. Janssen et al,* 233 Or 505, 507, 378 P2d 999.

The decree is affirmed.