Argued at Pendleton October 30, 1978, reversed
and remanded February 21, 1979

ARMSTRONG et ux, *Respondents,*
*v.*
LOVELACE, *Defendant,*
and
LOVELACE, *Appellant.*
(TC  21427, SC 25556)
590 P2d 1231

Richard E. Forcum, Bend, argued the cause for appellant. With him on the brief were Paul J. Speck, Forcum, West and Speck.

Gerald A. Martin, of Gray, Fancher, Holmes & Hurley, Bend, argued the cause and filed a brief for respondents.

LINDE, J.

**LINDE, J.**

On September 22, 1976, Sonya Lovelace entered into an earnest money agreement to sell certain acreage in Deschutes County to the plaintiffs, Mr. and Mrs. Wallace Armstrong. On November 21, 1976, Mrs. Lovelace executed a bargain-and-sale deed to the land to Robert Lovelace, her brother-in-law. The deed was intended as a mortgage to secure a new $4,000 loan from Robert to his brother Elwood Lovelace, Sonya's husband, as well as a preexisting $1,000 loan to Elwood made on October 25, 1976. When plaintiffs thereafter demanded completion of the sale of the property to them under the earnest money agreement, Mrs. Lovelace declined to close the transaction because of her deed to Robert.

Plaintiffs[1] thereafter sued for specific performance of the earnest money agreement, naming Sonya Lovelace and Robert Lovelace as defendants. Mrs. Lovelace made no appearance, and an order of default was taken against her.[2] Robert Lovelace appeared to defend his security interest under Mrs. Lovelace's deed to him. The circuit court entered a decree ordering that the property be conveyed to plaintiff, either by warranty deed from Mrs. Lovelace or by the decree itself, free and clear of any interest in Robert Lovelace resulting from Mrs. Lovelace's bargain-and-sale deed to him, and Robert Lovelace appeals. The suit being in equity, we review *de novo.* ORS 19.125(3).

In a memorandum opinion, the circuit court described Robert's claim as being "that he is a bonafide

---

[1] The case proceeded with Wallace E. Armstrong as sole plaintiff because only he had signed the earnest money agreement.

[2] From plaintiff's uncontradicted opening statement and later discussion by counsel, it appears that after the suit was filed, Mrs. Lovelace's husband, Robert's brother, was awarded the property in a divorce settlement and that she claims no further interest in it. Elwood was not named as a defendant and the existence, terms, or effect of the decree referred to are not before us.

[315]

purchaser and that the remedy of specific performance is not available against him." The court found that Robert did not have actual notice of the earnest money agreement between Sonya and plaintiff. However, the court held that the use of a bargain-and-sale deed as a mortgage put Robert on notice that he had no warranties or covenants of Sonya's title to the property. Therefore, the court concluded, Robert "became the owner of the property subject to the earnest money agreement to sell" and subject to a suit for specific performance.

We do not understand the position of Robert Lovelace, appellant here, to be that plaintiff was not entitled to specific performance of the earnest money agreement, or that he claims the right to retain title to the real property under the bargain-and-sale deed. Rather, he appeals from the provision of the decree that frees the property of his security interest created by the deed. That provision should not have been included in the decree. *Sanders v. Ulrich,* 250 Or 414, 443 P2d 231 (1968), cited by the circuit court, was a suit for foreclosure of a land sale contract brought by the seller, and the buyers' real estate agent claimed a lien by virtue of an assignment from the buyers of their interest in the contract. The court held that, as against the seller, the buyers' real estate agent was not a mortgagee but "stood in the shoes of the purchasers and her rights could rise no higher than theirs," 250 Or at 416. That situation is the opposite of the present one, in which the owner created the two conflicting claims. In *Willis v. Stager,* 257 Or 608, 481 P2d 78 (1971), also cited by the circuit court, plaintiffs had an unrecorded deed, not only an earnest money agreement, and defendants sought to keep the property under a subsequent deed from the same grantor. The court found that defendants had actual notice from the grantor that she believed she had sold the property and therefore were not purchasers in good faith as against the earlier grantees for purposes of

[316]

ORS 93.640.[3] In the present case, the record reveals that the deed by which Robert Lovelace obtained a mortgage on the property was recorded in the Deschutes County Record of Deeds on November 26, 1976, five days after its execution, while the earlier executed earnest money contract was not recorded. Under ORS 93.640 the earnest money contract is void "as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose . . . deed . . . is first filed for record." *Landigan v. Mayer,* 32 Or 245, 252, 51 P 649 (1898), held that a mortgagee who gives valuable consideration for his interest without notice of prior claims is entitled to the same protection as a grantee without such notice. *See also High v. Davis,* 283 Or 315, 333, 584 P2d 725 (1978).

Robert Lovelace testified that, although he had heard in the spring or summer of 1976 that some efforts had been made to sell the property, he did not know about the pending sale to the Armstrongs at the time he loaned the money to Elwood Lovelace nor at

---

[3] ORS 93.640:

(1) Every conveyance, deed, land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance, deed, land sale contract or other agreement or memorandum thereof is first filed for record, and as against the heirs and assigns of such subsequent purchaser. As used in this section, "memorandum" means an instrument that contains the date of the instrument being memorialized, the names of the parties, a legal description of the real property involved, and the nature of the interest created, which is signed by the person from whom the interest is intended to pass, and acknowledged or proved in the manner provided for the acknowledgment or proof of deeds. A memorandum of an instrument conveying or contracting to convey fee title to any real estate shall state on its face the true and actual consideration paid for such transfer as provided in ORS 93.030.

(2) Every assignment of sheriffs' certificates of sale of real property on execution or mortgage foreclosure which is not recorded in the records of deeds in the county where the land is situated within five days after its execution is void as against any subsequent purchaser in good faith and for a valuable consideration of such certificate of sale, or the real property covered thereby, or any portion thereof, whose assignment is first recorded.

the time he received the deed from Sonya Lovelace. The circuit court expressly found that Robert was unaware of the earnest money agreement, and we see nothing in the record which warrants a contrary finding. The use of a bargain and sale deed rather than a warranty deed to create a mortgage does not put a mortgagee on notice of outstanding interests and deny him the status of a "subsequent purchaser in good faith" as a matter of law, if he had no notice in fact. The portion of the decree freeing the property from Robert's $5,000 security interest must be reversed and the case remanded for entry of a decree consistent with this opinion.

Reversed and remanded.