In re Odell Lee LESSLEY; Also known as Dell Lessley, and Mildred Virginia Lessley; Also known as Virginia M. Lessley, Debtors.

WESTERN MERCANTILE AGENCY, INC., Plaintiff,

v.

Paul LANSDOWNE, Trustee, and Odell Lee Lessley and Mildred Virginia Lessley; Also known as Virginia M. Lessley, Defendants.

**Bankruptcy No. 679–05025.**
**Adv. Proceeding No. 679–0002.**

United States Bankruptcy Court, D. Oregon.

June 12, 1980.

William A. Hedges, North Bend, Or., for defendants.

Malcolm J. Corrigall, Coos Bay, Or., for plaintiff.

10. See note 9, *supra.* And, further, *no claim is* properly made herein for any award of administrative expense.

## OPINION

MICHAEL R. HOGAN, Bankruptcy Judge.

Western Mercantile, plaintiff, and Odell and Virginia Lessley (Lessleys), defendants, entered into an agreement termed "Assignment of Vendees' Interest" on October 11, 1978, a copy of which is attached to Lessleys' answer. The agreement provides that defendants assign all of their purchasers' interest in a certain land sale contract to plaintiff to secure a $12,849.11 debt owed to plaintiff.

In this action, plaintiff seeks release from the stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, so that it may proceed to foreclose its interest in the land sale contract and liquidate the underlying parcel of real property.

The question presented here is whether the attempted assignment was effective to transfer the interest of the Lessleys in the property to plaintiff.

The evidence at trial revealed that the debt owed to plaintiff was the result of a judgment against the Lessleys. The assignment agreement was entered into as a settlement of a debtor's examination initiated by plaintiff. Under the agreement, the Lessleys were required to list the property for sale with a real estate broker within thirty days. If the property was not sold within one year, or if the Lessleys failed to perform any of the terms of the land sale contract or the assignment, the assignment was to become "absolute" and plaintiff could proceed to sell the property.

The Lessleys listed the property for sale for $50,000 after consulting a realtor to determine value, but rejected offers of $49,-500 in August, 1979 and of $49,950 in October, 1979. The $49,950 offer was rejected after the first meeting of creditors in the bankruptcy proceeding. In their bankruptcy petition, which was filed on October 10, 1979, the Lessleys listed the value of the property as $45,000.

Mildred Lessley testified that she was not involved in the negotiation of the assignment and did not read the document before signing it because she was not wearing her glasses. She also acknowledged that her initials appear on the second page of the document next to an alteration.

Odell Lessley testified that when he signed the assignment agreement, he believed that the assignment was only effective after the property had been listed for sale for one year. Odell Lessley also testified that plaintiff's attorney, Malcolm Corrigall, had possession of some checks issued by Lessley which had been returned for insufficient funds. Odell Lessley testified that Corrigall told him he might be prosecuted on the bad checks.

An employee of plaintiff testified that there had been a previous agreement between plaintiff and defendants under which defendants were to make monthly payments to satisfy the judgment. The employee also testified that the provisions in the agreement allowing defendants one year to sell the property was to allow them to obtain any benefit from receiving the market value of the property, rather than having to go through a sheriff's sale with a probable lower sales price.

Malcolm Corrigall testified that he negotiated the assignment agreement with defendants in settlement of a debtor's examination. Corrigall testified that no insufficient funds checks were mentioned in the negotiations, that defendants took the assignment agreement out of his office and returned later to sign it, and that he advised defendants to seek independent legal counsel. Corrigall further testified that Virginia Lessley suggested the alteration on page two of the agreement, and that her initials were placed next to the alteration to authorize it.

The interest of a purchaser under a land sale contract may be assigned by him as security for the payment of a debt. *See: Sanders v. Ulrich,* 250 Or. 414, 443 P.2d 231 (1968); *Cole v. Clark,* 241 Or. 292, 404 P.2d 194 (1965). The issue here is whether plaintiff had an enforceable interest in the land sale contract before the end of one year after October 11, 1978, the day the assignment agreement was executed.

I find that plaintiff acquired an enforceable interest in the land sale contract on the

day the assignment agreement was signed by the parties. The term "absolute", as used in the agreement, must be construed to have a meaning consistent with the other terms of the agreement. Therefore, "absolute" refers to the fact that plaintiff's enjoyment of certain rights under the assignment was postponed until one year had passed, or until defendants failed to meet certain conditions. The situation here is analogous to a mortgage where the mortgagee has an interest in the encumbered property but is unable to foreclose on the property as long as the mortgagor complies with the terms of the mortgage.

It is clear that the purpose of the assignment was to facilitate the sale of the property and secure payment of plaintiff's judgment against the Lessleys. Plaintiff was in a position to force a sheriff's sale, but instead allowed the Lessleys the opportunity to sell for market value. I find that defendants signed the agreement voluntarily, were aware of its terms, and were not acting under duress from plaintiff or its attorney.

I also find that the Lessleys had an opportunity to sell the property for market value during the year the property was listed for sale. The Lessleys' rejection of the August, 1979 offer was a violation of the terms of the assignment agreement and the assignment surely became "absolute" under any definition of "absolute" on that date.

Accordingly, an enforceable interest in the purchaser's interest in the subject land sale contract passed to plaintiff on October 11, 1979. The trustee is allowed thirty days to file an optional memorandum concerning whether plaintiff should be released from the automatic stay provisions of the Bankruptcy Code.

This opinion serves as findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.