Argued and submitted September 6, 1985, reversed and remanded October 15, 1986

## VISTA MANAGEMENT, LTD.,
*Respondent,*

*v.*

## COOPER et al,
*Defendants,*

*and*

## OLD NATIONAL FINANCIAL SERVICES, INC.,
*Appellant.*

(83-1368; CA A33728)

726 P2d 974

Joan L. Volpert, Portland, argued the cause for appellant. On the briefs were Paul S. Cosgrove and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Griffith C. Steinke, Newberg, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore.

## GILLETTE, P. J., Pro Tempore

This is an action on a land sale contract in which Old National Financial Services, Inc. (defendant), appeals a judgment strictly foreclosing its claimed interest in real property. We review *de novo,* ORS 19.125(3), and reverse and remand.

Vista Management, Ltd., (vendor), and Donald Cooper, (vendee), entered into a land sale contract in 1977. Other than the initial down payment of $5,000, vendee made no payments on the $47,300 purchase price; at the time of trial, he had also failed to pay the property taxes for the 1983-84 tax year. He either lived on or rented out the property and shared in profits from farming the land.

In 1984, under a provision in the parties' contract, vendor filed an action to strictly foreclose vendee's interest in the property. Defendant was made a party-defendant because it had filed an action against vendee to reform a mortgage on adjacent property to include the property in question.[1] In an interlocutory decree of strict foreclosure, the trial judge found vendee in default and gave him 40 days in which to pay for the property. The trial judge also found that "[defendant] has no, * * * [and] has not had any[,] legal or equitable interest in the subject property." This appeal followed.

The first question to be decided is whether this court has jurisdiction. To be appealable, a trial court judgment must completely and finally settle the controversy as to all parties on claims or must comply with ORCP 67B. *Moran v. Lewis,* 274 Or 631, 634, 547 P2d 627 (1976). The judgment in this case is a final adjudication as to the rights of the parties in a specific piece of property. The only unresolved issue is whether vendee will pay the balance due on the contract before a final judgment of strict foreclosure is entered. Although it is called interlocutory, the judgment is in effect final because it is determinative of the only triable issue involved. *Slipp v. Amato,* 231 Or 512, 515, 373 P2d 673 (1962); *Lyon v. Mazeris,* 170 Or 222, 233, 132 P2d 982 (1943). It is therefore appealable. ORS 19.010.[2] We turn to the merits.

---

[1] A number of other parties with various interests in the property were also made defendants but, because they failed to contest the action, default judgments were entered against them.

[2] One other defect was remedied pursuant to ORS 19.033(4). *See Ellis v. Roberts,* 302 Or 6, 725 P2d 886 (1986).

Defendant argues that the trial court erred in denying it a right to equitable redemption. It asserts that its mortgage claim on the subject property, as asserted in the other lawsuit, entitled it to a redemption period along with vendee.[3]

■ ■ The vendee in a land sale contract is the equitable owner of the land, but the vendor holds the legal title as security for the purchase price. *Reynolds Aluminum Co. v. Multnomah County,* 206 Or 602, 617, 287 P2d 921 (1955). The vendee may mortgage the equitable interest, but the mortgage is enforceable only as long as the land sale contract is kept in force. *Sheehan v. McKinstry,* 105 Or 473, 485, 210 P 167 (1922). If the vendee's equitable interest in the property is extinguished, so is the mortgagee's interest. *Estate of Brewer v. Iota Delta Chapter,* 298 Or 383, 387-91, 692 P2d 597 (1984).

■ ■ An interlocutory judgment of strict foreclosure, however, does not immediately divest the vendee's equitable interest in the property. *Blondell v. Beam,* 243 Or 293, 298, 413 P2d 397 (1966). The vendee must first be given a reasonable period in which to pay the accelerated balance on the contract. *Lorenzen v. Jackson,* 284 Or 251, 258, 586 P2d 341 (1978); *Blondell v. Beam, supra,* 243 Or at 298. A mortgagee of a vendee's interest also has the right of equitable, redemption during that period. *Sheehan v. McKinstry, supra,* 105 Or at 485; *see also Sanders v. Ulrich,* 250 Or 414, 416, 443 P2d 231 (1968); *Merchant Land Co. v. Barbour,* 65 Or 235, 242, 130 P 976, 132 P 710 (1913).

■ Defendant's interest in the property in this case did not rise to the level of a mortgage. Its interest was contingent on the outcome of a pending action to reform a mortgage on adjacent property to include the property in question. Because defendant had only a *claim* to a mortgage, the trial court ruled that it did not have any legal or equitable interest in the

---

[3] Alternatively, defendant asks this court to take judicial notice that, subsequent to the interlocutory decree of strict foreclosure, it obtained reformation of the mortgage in the action between it and vendee to include the subject property. Because the reformation proceeding was not decided until after the strict foreclosure judgment, we will not consider what effect, if any, it may have had on the instant case. *Straube v. Larson,* 287 Or 357, 373, 600 P2d 371 (1979). Matters not presented in the record will not be considered by this court. *Waybrant v. Clackamas County,* 54 Or App 740, 743, 635 P2d 1365 (1981). We do not intend to foreclose the trial court on remand from taking the reformation into consideration.

property. Consequently, the court gave only vendee a right to redemption. In this regard, the trial court erred.

The extent of defendant's interest in the property, if any, could not properly be determined until after the reformation action had been decided. The trial court should have stayed the present proceeding until it was determined in the reformation action whether defendant had a mortgage on the property and a consequent right to pay the balance due. Defendant had a right to prove that interest. *See Stanfield v. Laccoarce,* 288 Or 659, 664, 607 P2d 177 (1980). For this reason, the case must be remanded. Ultimately, of course, defendant's rights will be contingent on the outcome of the mortgage reformation proceeding.

■ Defendant next argues, assuming that it has an interest in the property, that the trial court erred in granting strict foreclosure rather than ordering that the property be sold at a judicial sale. As a preliminary matter, defendant contends that, because the trial court held that it had no equitable or legal interest in the property, it was completely denied the right to contest the foreclosure.

We have already held that the trial court erred in holding that defendant had no legal or equitable interest in the property, because that determination could not be made until the reformation action was resolved. Nevertheless, defendant was given a complete opportunity to put on its case as if it had an interest in the property. Defendant presented no evidence which would compel a decision that a judicial sale would have been more appropriate than strict foreclosure.

Defendant's sole argument is that the trial court should have examined the equities between it and vendor before ordering vendee's interest strictly foreclosed. However, even if defendant proves that it has a mortgage on the land, it must stand in the shoes of vendee. As the mortgagee of vendee's equitable interest, defendant's rights can rise no higher than can vendee's against vendor. *Sanders v. Ulrich, supra,* 250 Or at 416; *County of Lincoln v. Fischer,* 216 Or 421, 435, 339 P2d 1084 (1959); *Ward v. James,* 84 Or 375, 379, 164 P 370 (1917); *Gray v. Pelton,* 67 Or 239, 243, 135 P 755 (1913). Therefore, if strict foreclosure is appropriate as to vendee, it is equally appropriate as to defendant.

■ ■ Generally, a vendor is entitled to strict foreclosure when the vendee fails to comply with the contract terms in paying the purchase price. *Blondell v. Beam, supra,* 243 Or at 299. A substantial increase in the value of the property, however, is a factor which may make strict foreclosure inequitable and a judicial sale the appropriate remedy. *Coleman v. Medgin,* 52 Or App 1049, 1053, 630 P2d 404 (1981). Nevertheless, if the vendee has been unreasonably negligent in performing the contract, the vendor may obtain strict foreclosure even when the value of the property has significantly increased. *Leighton v. Hawkins,* 236 Or 638, 642-43, 389 P2d 460 (1964); *Gulick v. Copeland,* 186 Or 640, 648-49, 207 P2d 1042 (1949).

■ In this case, the land's value has risen from the $47,300 contract price to an estimated value of between $79,000 and $105,000.[4] Vendee, on the other hand, has been unreasonably negligent in performing the contract. Over a seven-year period, he made only a $5,000 down payment on what is now a total debt of $73,970.[5] While not making the required payments on the contract, vendee was either living on the property or renting it out and sharing in profits from farming it. Yet, at the time of trial, he had failed even to pay the property taxes for the 1983-84 tax year.

For these reasons, a judgment of strict foreclosure was not inequitable as to vendee. Because defendant stands in the shoes of vendee, strict foreclosure was also not inequitable as to it. Consequently, defendant has no absolute right to a judicial sale rather than strict foreclosure. However, on remand the trial court may consider the appropriate remedy in the light of the circumstances as they then exist.

Reversed and remanded for further proceedings not inconsistent with this opinion.[6]

---

[4] The trial judge found that the value of the property had increased to a maximum forced sale value of $105,000. There was also evidence introduced at trial that the county assessor had appraised the property at $79,000.

[5] At the time of trial, vendee owed $42,300, plus interest at the rate of 8 percent per annum from October 25, 1977, in addition to which the trial court awarded attorney fees of $6,000 and costs of $292.50, in compliance with the parties' contract. The total due vendor from vendee is $73,970.

[6] We express no opinion as to the effect, if any, of Oregon Laws 1985, ch 718, *codified as* ORS 93.905 to 93.945, on further consideration of this case on remand.